[Cite as *Adams v. Michael J's Auto Sales*, 2015-Ohio-5128.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KELLIE ADAMS, | : | APPEAL NO. C-150074 |
| | | TRIAL NO. 14CV-14521 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MICHAEL J'S AUTO SALES, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  December 11, 2015

*Kellie Adams,* pro se,

*Bradley R. Hoyt*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    This is an appeal by a used-car dealer from a judgment of the small claims division of the Hamilton County Municipal Court.   We dismiss the appeal for lack of jurisdiction.

{¶2}    Kellie Adams sued Michael J's Auto Sales alleging that the dealer had misrepresented the condition of a car that it had sold to her.  A trial was held before a magistrate of the small claims division.  On September 2, 2014, the magistrate issued a written decision finding in favor of Ms. Adams and awarding her $3,000 in damages.  On September 26, 2014, the trial court adopted the magistrate's decision and entered judgment.  On November 10, 2014, Michael J's Auto Sales filed a motion for leave to file objections out of time.  The trial court granted leave to file the late objections, and subsequently overruled the objections.

{¶3}    Before we reach the merits of the appeal, we must satisfy ourselves that jurisdiction is proper in this court.  Here, the judgment had become final and the time to file a notice of appeal had run before Michael J's Auto Sales sought leave to file late objections.  Civ.R. 53(D)(3)(b)(i) allows a party to file objections within 14 days of the magistrate's decision.  Civ.R. 53(D)(5) allows the court "[f]or good cause shown" to grant a "reasonable extension of time" to file objections.  We do not believe this "reasonable extension of time" provision can be read to allow a party to file objections to the magistrate's decision after the trial court's order has become final and the time to file an appeal has run.  Thus, we conclude that the trial court lacked jurisdiction to consider the late objections.

{¶4}    Michael J's Auto Sales failed to take a timely appeal from the trial court's original order adopting the magistrate's decision and entering judgment.  The

2

trial court had no jurisdiction to consider the late objections. Because Michael J's Auto Sales did not file a notice of appeal within 30 days of the trial court's final judgment entry on September 26, 2014, we are without jurisdiction to consider this matter.

{¶5}   The appeal is dismissed.

Appeal dismissed.

**CUNNINGHAM, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.